JS-6

Note Changes Made by Court

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESSA SHIELDS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDEAVOR LOGISTICS LP; ANDEAVOR REFINING AND MARKETING CO; ANDEAVOR COMPANY; TESORO REFINING AND MARKETING COMPANY LLC; TESORO CORPORATION; MARATHON PETROLEUM LOGISTICS SERVICES LLC; MARATHON PETROLEUM COMPANY LP; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-04995-JFW-SS<br><br>**STATEMENT OF DECISION GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

## I. FACTUAL AND PROCEDURAL HISTORY

On May 6, 2019, Plaintiff filed a Complaint against Defendants in the Los Angeles County Superior Court alleging the following state law claims for relief: (1) disability discrimination in violation of California Fair Employment and Housing Act ("FEHA"), California Government Code ("Cal. Gov. Code") § 12940(a); (2) failure to provide reasonable accommodations in violation of Cal. Gov. Code § 12940(m); (3) failure to engage in a timely, good faith interactive process in violation of Cal. Gov. Code § 12940(n); (4) sex and/or race discrimination in violation of Cal. Gov. Code § 12940(a); (5) retaliation in violation of Cal. Gov. Code § 12940(h); (6) failure to take all reasonable steps necessary to prevent discrimination and/or retaliation in violation of Cal. Gov. Code § 12940(k); (7) wrongful termination in violation of California public policy; and (8) retaliation in violation of California Labor Code § 1102.5(b). *See* Document Number ("Doc. No.") 1-1, Exhibit ("Exh.") B, Complaint ¶¶ 29-82.

On June 7, 2019, Defendants filed a Notice of Removal, alleging this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, on grounds that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts Plaintiff's state law claims. Doc. No. 1.

## II. LEGAL STANDARD

"The Ninth Circuit strictly construes the removal statute against removal jurisdiction." *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F.Supp.2d 1107, 1110 (C.D. Cal. 2005). The Court must reject removal "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

The LMRA preempts a plaintiff's state law claims only where the court must interpret the CBA. *See Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994); *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007); *Cramer v. Consolid.*

*Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) ("The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim."). A "hypothetical connection" between a plaintiff's claim and the CBA is "not enough to preempt the claim: adjudication of the claim must require *interpretation* of a provision of the CBA." *Cramer*, 255 F.3d at 691-92 (emphasis added). The Court reviews Plaintiff's claims, and not Defendants' proposed defenses, to determine whether the CBA triggers Section 301 preemption. *See Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002) ("[R]eliance on CBA provisions to defend against an independent state law claim does not trigger [Section] 301 preemption."); *Irving v. Okonite Co., Inc.*, 120 F.Supp.3d 1020, 1026 (C.D. Cal. 2015) (citing *Humble* to deny defendant's argument for preemption based on defendant's anticipated use of CBA to defend against FEHA claims).

### III. DISCUSSION

**A. Plaintiff's FEHA Claims Are Not Preempted by Section 301 OF The LMRA.**

The first six of Plaintiff's eight causes of action are claims under FEHA. "The Ninth Circuit has 'consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by [Section] 301.'" *Klausen v. Warner Bros Tele.*, 158 F.Supp.3d 925, 930-31 (C.D. Cal. 2016) (quoting *Schrader v. Noll Mfg. Co.*, 91 Fed. App'x 553, 555 (9th Cir. 2004) and citing *Ackerman v. W. Elec. Co.*, 860 F.2d 1514, 1517 (9th Cir. 1988)); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286-87 (9th Cir. 1989); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir. 1990); *Ramirez v. Fox Tele. Station, Inc.*, 998 F.2d 743, 748-49 (9th Cir. 1993)). FEHA creates "nonnegotiable state law rights which cannot be altered by contract, including by CBAs." *Id.* (quoting *Ramirez*, 998 F.2d at 748); *see also Chmiel*, 873 F.2d at 1286 (holding FEHA rights are "defined and enforced under state law without reference to

the terms of any collective bargaining agreement"); *Cook*, 911 F.2d at 240 ("[The employee's] state-law claim is consequently independent of the agreement. That [he] might also have separate remedies under the bargaining agreement makes no difference."); *Humble*, 305 F.3d at 1009 ("As the Supreme Court explained in *Lingle*, just because a CBA provides a remedy or duty related to a situation that is *also* directly regulated by non-negotiable state law does not mean the employee is limited to a claim based on the CBA.").

### 1. Plaintiff's First and Fourth Causes of Action for Disability, Sex, and Race Discrimination

Plaintiff's FEHA discrimination claims allege that Defendants discriminated against her based on her disability, sex, and/or race when they terminated her employment, failed to rehire her and rejected her for an open alternative position. *See* Doc. No. 1-1, Exh. B, Complaint ¶¶ 32, 53. These claims require a factual inquiry into Defendants' motives, an inquiry that requires no interpretation of the CBA. *See, e.g.*, *Detabali v. St. Luke's Hospital*, 482 F.3d 1199, 1203 (9th Cir. 2007) (finding no Section 301 preemption in FEHA discriminatory termination claim "because there is no dispute over the meaning of any terms within the agreement"); *Robles v. Gillig LLC*, 771 F.Supp.2d 1181, 1184 (N.D. Cal. 2011) ("The key to resolving Plaintiff's claims will be Defendant's motivation in terminating Plaintiff's employment, i.e. whether Defendant terminated him because of his disability. This purely factual determination does not require a court to interpret the 'just cause' provision of the CBA.").

### 2. Plaintiff's Second and Third Causes of Action for Failure to Provide Reasonable Accommodations and Failure to Engage in the Interactive Process

Plaintiff's FEHA claim for failure to provide reasonable accommodations for her disability is not preempted by the LMRA because the range of options for

accommodating her disabilities are not limited to those identified in the CBA. *See Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1528 (9th Cir. 1995) (holding that a claim for FEHA reasonable accommodation was not preempted because there was a range of accommodations that the employer might have provided that would not have required interpreting the terms of the CBA). In fact, FEHA regulations require an employer to consider "any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship." *See* 2 Cal. Code Regs. § 11068. In addition, even if the Court must refer to the CBA to review *some* of the accommodations available to Plaintiff, the CBA remains only "peripherally relevant" to Plaintiff's claims and mere reference to the CBA does not "mandate preemption." *Humble*, 305 F.3d at 1011.

With respect to Plaintiff's FEHA claim for failure to engage in the interactive process, the Court must also engage in a fact-specific inquiry into whether Defendants reasonably accommodated Plaintiff's disability, the Court must also perform a fact-specific inquiry into whether Defendants engaged in a good faith interactive process in determining the options available to Plaintiff. *See* 2 Cal. Code Regs. § 11069 (c) (California regulation outlining the fact-specific interactive process obligations of an employer under FEHA). Therefore, Plaintiff's failure to engage in the interactive process claim would only *potentially* require *reference to*, as opposed to interpretation of, the CBA. *See Humble*, 305 F.3d at 1010.

Defendants confuse the difference between *reference to* a CBA and *interpretation of* a CBA. In *Perez v. Proctor and Gamble Manufacturing Co.*, 161 F.Supp.2d 1110 (E.D. Cal. 2001), the plaintiff claimed he was constructively discharged in violation of FEHA when his employer failed to accommodate his disability with an alternate position. The employer argued the claim was preempted by the LMRA because the court would have to interpret the selection guidelines of

the CBA to determine whether the plaintiff was eligible for other positions. *Id.* at 1118. The district court rejected this argument because the "selection guidelines and the CBA are simply one of several factors for the court to consider in evaluating his claim." *Id.* at 1118-19. Indeed, "[t]he *meaning* of the selection guidelines are not the subject of dispute. While the analysis of [the employer's] FEHA defense requires the court to *consider* the guidelines, it does not require the court to *interpret* them." *Id.* at 1119 (emphasis in original); *see also Roberts v. Boeing Co.*, No. CV 05-6813, 2006 WL 4704616, at *5 (C.D. Cal. Sept. 8, 2006) (holding no preemption where no material dispute over CBA terms).

In this case, there is no material dispute about the meaning of the CBA. As in *Perez*, this dispute centers on Defendants' failure to meet their FEHA obligations to accommodate Plaintiff's disability and to engage in a good faith interactive process to explore all possible reasonable accommodations. The CBA provisions on alternate positions are only a few of the "several factors for the [C]ourt to consider in evaluating [Plaintiff's] claim." *Perez*, 161 F.Supp.2d at 1118-19.

### 3. Plaintiff's Fifth Cause of Action for Retaliation

Plaintiff's claim for FEHA retaliation is not preempted by Section 301. Plaintiff must show (1) that she "opposed practices forbidden [under FEHA]; (2) retaliatory animus on the part of the employer; (3) an adverse action by the employer; (4) a causal link between the retaliatory animus and the adverse action; (5) damages; and (6) causation." *Washington v. Cal. City Correction Ctr.*, 871 F.Supp.2d 1010, 1027 (E.D. Cal. 2012). None of these elements require interpretation of, let alone reference to, the CBA. *See Detabali*, 482 F.3d at 1203-04 (holding that FEHA retaliation claim not preempted, in keeping with "long line of . . . cases holding that FEHA employment discrimination claims are not ispo facto preempted by [Section] 301 of the LMRA"). Instead, these factors require a specific factual inquiry that "pertains to the conduct of the employee and the conduct and

motivation of the employer." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988) (holding Illinois state tort of retaliatory discharge was not preempted by Section 301).

### 4. Plaintiff's Sixth Cause of Action for Failure to Take All Reasonable Steps to Prevent Discrimination and/or Retaliation

Plaintiff's final FEHA claim for Defendants' failure to prevent the discrimination and retaliation is derivative of her claims for FEHA discrimination and retaliation. *See Ravel v. Hewlett-Packard Enterprise, Inc.*, 228 F.Supp.3d 1086, 1098 (E.D. Cal. 2017) ("Courts have interpreted a failure to prevent discrimination claim [to be] essentially derivative of a [FEHA] discrimination claim." [internal quotations and citations omitted]). Becase the Court does not need to interpret the CBA for Plaintiff's discrimination and retaliation claims, it also does not need to interpret it in deciding the failure to prevent discrimination and retaliation claim. The claim requires a factual inquiry into Defendants' motive in taking the discriminatory and retaliatory acts and determining whether Defendants responded in a manner deemed reasonable under FEHA, none of which requires interpretation of the CBA. *See Klausen*, 158 F.Supp.3d at 934 (holding that plaintiff's FEHA discrimination and failure to prevent claims not preempted by Section 301).

### B. Plaintiff's Seventh Cause of Action for Wrongful Termination in Violation of Public Policy Is Not Preempted By Section 301 of the LMRA.

Plaintiff's state common law wrongful termination claim is not preempted because it furthers a state interest and is based on FEHA and Article I, Section 8 of the California Constitution, which is the state constitutional prohibition against discrimination. *See* Doc. No. 1-1, Exh. B, Complaint ¶ 72; *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001 (9th Cir. 1987) ("[A wrongful termination in violation of public policy] claim is not preempted if it poses no

significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship."); *Brown v. Brotman Med. Ctr., Inc.*, 571 Fed. App'x 572, 575 (9th Cir. 2014) (finding a wrongful termination claim premised on FEHA discrimination "further[s] a state interest in preventing workplace discrimination" and "does not require interpretation of the CBA as it focuses on [the employer's] motivations"). The Ninth Circuit agrees: "[t]here is little doubt that California has adopted a public policy against discrimination in the work place . . . [E]nforcement of the state discrimination statutes would not require interpretation of any of the provisions of the collective bargaining agreement." *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 643-44 (9th Cir. 1989). Accordingly, Section 301 does not preempt Plaintiff's common law claim for wrongful termination in violation of public policy.

### C. Plaintiff's Eighth Cause of Action for Violation of Labor Code § 1102.5.

Labor Code § 1102.5 protects employees against unlawful retaliation for reporting unlawful conduct. "The elements of this claim require an inquiry into the respective actions of the employer and the employee in order to determine whether [the defendant] retaliated against [the plaintiff] after [she] engaged in whistleblowing activity . . . This inquiry will not depend on interpretation of terms in the CBA." *Brown*, 571 Fed. App'x at 575; *see also Garcia v. Rite Aid Corp.*, No. CV 17-02124, 2017 WL 1737718, at *7-8 (C.D. Cal. May 3, 2017) (citing *Brown* to find Labor Code § 1102.5 claim not preempted by Section 301). In this case, Plaintiff claims Defendants retaliated against and failed to re-hire her because she filed her Complaint of Discrimination with the DFEH. *See* Doc. No. 1-1, Exh. B, Complaint ¶ 79. Thus, this claim requires an inquiry into Defendants' motivation for these actions, which does not require interpretation of the CBA.[1]

---

[1] Defendants claim the Court has original jurisdiction under over this case because Plaintiff's Labor Code § 1102.5 claim alleges that Defendants retaliated

### D. Plaintiff's Grievance Does Not Trigger LMRA Preemption

Defendants also claim the Court must interpret the CBA in order to determine whether Plaintiff failed to exhaust her administrative remedies through the agreement's grievance procedures. However, Plaintiff does not alleges any specific violations of the CBA. In addition, even if this Court would be required to address the same set of facts in this case as those that could be used in filing a grievance under the CBA, the Supreme Court has held that such a claim is independent of the CBA:

> [E]ven if dispute resolution pursuant to the collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for [Section] 301 pre-emption purposes.

*Lingle*, 486 U.S. at 409-10.

Defendants argue that Plaintiff's grievance for unjust termination preempts Plaintiff's legal claims. However, the Supreme Court has rejected this argument. In *Lingle*, 486 U.S. at 407, the Court held that a wrongful termination claim was not preempted by a pending grievance: "To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge . . . ; this purely factual inquiry likewise does not turn on the meaning of any provision of a collective-bargaining agreement." Similarly, in this case, Plaintiff's discrimination,

---

against and failed to rehire her after she complained of violations of the FEHA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 the federal anti-discrimination statute. *See* Doc. No. 1, ¶¶ 33-35 (citing Doc. No. 1-1, Exh. B, Complaint ¶ 79). Defendants offer no authority or explanation for this argument. California Labor Code § 1102.5 provides state protections to whistleblowers who report violations of or noncompliance with state or federal statutes, rules, or regulations. Simply reporting conduct that violates state and federal statutes does not convert Plaintiff's state law Labor Code § 1102.5 claim to a federal question. Accordingly, the Court rejects Defendants' argument.

retaliation, and wrongful termination claims do not "turn on the meaning" of the CBA. Instead, those claims require a fact-specific inquiry that involves discrete state-law rights and operates wholly independently from the CBA procedure. *Id.* at 411 ("[T]here is nothing novel about recognizing that substantive rights in the labor relations context can exist without interpreting collective-bargaining agreements.").

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand to State Court is **GRANTED** and this action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: July 31, 2019

                                        Hon. John F. Walter
                                        United States District Judge